### WILLAMETTE STEAM MILL & LUMBER CO. v. KREMER et al.*

#### No. 13,690; October 22, 1890.

24 Pac. 1026.

**Mechanic's Lien—Notice—Sufficiency of Description.**—Where a mechanic's lien notice describes the property as a dwelling-house, situate upon a certain lot, and it turns out to be situated partly on that lot and partly on another, the lien cannot be enforced, as there is no lien on that part of the house not situated on the lot named, and it would work great injury to the owner to allow the lien to be enforced against a part only of the house.

APPEAL from Superior Court, Los Angeles County; W. P. Wade, Judge.

Wells, Guthrie & Lee for appellants; Johnston & Borden and Barclay, Wilson & Carpenter for respondents.

WORKS, J.—This is an action to foreclose mechanics' liens. There were three claimants, and their actions were consolidated together. The notice of two of the liens described the

---

*For subsequent opinion in bank, see 94 Cal. 205, 29 Pac. 633.

property as situate on, lot 6 of a certain addition to the city of Los Angeles. The other described the property as "that certain dwelling-house now upon that certain lot or parcel of land situate in the city and county of Los Angeles, state of California, at the northeast corner of Eighth and Hope streets." This notice did not give the description of the lot by number or reference to the addition or map of it, but it described the corner lot, and, as the property was subdivided into lots and blocks, this description must, if sufficient at all—which we very much doubt—be held to mean the corner lot as thus subdivided, and no more; so that all of these descriptions, conceding this one to be sufficient, are in legal effect the same. At the trial the court found that the house was situated partly upon lot 6, which was the corner lot, and partly upon the adjoining lot, 7. Upon this finding the court rendered a decree foreclosing the lien on lot 6 only, which took all of the house but about ten feet.

It seems to be too clear for argument that a lien cannot be enforced against a part of a house. Counsel for respondents say that the appellants are not injured by their taking only a part of the property that might have been included in their lien. Ordinarily, no doubt, this would be so, but it is not so in this case. To attempt to sell a part of the appellants' house would necessarily be to sacrifice the property. No one would pay a reasonable price for a part of a house, and the ten feet, or less, remaining to the appellants would be almost, if not entirely, worthless. Such a sale would therefore work great injury, and cannot be allowed. For these reasons the liens in this case cannot be upheld. There are other errors assigned by the appellants and urged in their briefs, but as the one mentioned is fatal to the liens the others need not be considered. The judgment and order are reversed.

We concur: Paterson, J.; Fox, J.